09-2309-ag
Xie v. U.S. Justice Dept.

BIA
Morace, IJ
A073 173 217

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of February, two thousand ten.

PRESENT:
 ROBERT D. SACK,
 REENA RAGGI,
 RICHARD C. WESLEY,
  *Circuit Judges*.

_____

BAO GUO XIE,
  *Petitioner*,

  v.                                    09-2309-ag
                                        NAC
U.S. JUSTICE DEPARTMENT,
  *Respondent*.

_____

FOR PETITIONER:      Lawrence Banigan, Hempstead, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard Evans, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bao Guo Xie, a native and citizen of the People's Republic of China, seeks review of a May 11, 2009 order of the BIA affirming the August 1, 2007 decision of Immigration Judge ("IJ") Philip P. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Guo Xie*, No. A073 173 217(B.I.A. May 11, 2009), *aff'g* No. A073 173 217 (Immig. Ct. N.Y. City Aug. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Asylum and Withholding of Removal**

**A.   Past Persecution**

Xie argues that he resisted China's family planning

2

policy by: (1) taking his wife to have an IUD illegally removed; (2) illegally impregnating his wife with their second child; and (3) leaving China following word from his wife that he was required to report for sterilization. We need not reach the BIA's determination that these acts did not constitute "other resistance" pursuant to 8 U.S.C. § 1101(a)(42) sufficient to entitle Xie to asylum. *Shi Liang Lin*, 494 F.3d at 314. Even assuming, as the IJ did, that Xie demonstrated "minimal other resistance in this particular case," the agency reasonably found that the unfulfilled threats of detention and sterilization, alleged by petitioner, without more, did not constitute persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that "[t]his Court, and others, previously have rejected . . . claims [that] 'unfulfilled' threats" constitute persecution).

## B. Well-Founded Fear

The agency found that Xie provided no evidence that Chinese officials would still enforce a sterilization order against him following: (1) the successful sterilization of his wife subsequent to his departure from China; and (2) his divorce from his wife after leaving China. Xie argues that practices in the United States and Cuba "illustrate [that]

3

the mere passage of time from the underlying violation does not mean a government will drop its effort to apprehend and punish the fugitive," and challenges the agency's reliance on his divorce and his wife's subsequent sterilization to conclude he lacked a well-founded fear of persecution. However, as Xie does not identify anything in the record to demonstrate that the authorities have any continuing interest in him, the agency's finding that Xie's fear is speculative is supported by the record. *See Jian Xing Huang v. United States*, 421 F.3d 125, 129 (2d Cir. 2005). Because Xie was unable to meet his burden for asylum, he has necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. CAT Relief**

As the government argues, although Xie requests CAT relief in his brief before this Court, he does not challenge the basis of the IJ's denial of CAT relief – that he did not testify that he would be subject to torture – or otherwise argue that any evidence established a likelihood of torture upon return to China. Accordingly, any challenge to the agency's denial of CAT relief should be deemed waived. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk